IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-894

Filed: 2 June 2020

Mecklenburg County, Nos. 17 CRS 241383-85, 18 CRS 8572

STATE OF NORTH CAROLINA

v.

ZACCAEUS LAMONT ANTHONY

Appeal by defendant from judgments entered 11 February 2019 by Judge Andrew Taube Heath in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 May 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Zachary Padget, for the State.*

*Mark Hayes for defendant-appellant.*

TYSON, Judge.

Zaccaeus Lamont Anthony ("Defendant") appeals from judgments entered upon the jury's verdicts finding him guilty of carrying a concealed weapon, possession of a firearm by a felon, possession of a weapon on educational property, and attaining habitual felon status. We find no error.

## I. Background

Johnson C. Smith University police officer Todd Sherwood received a call from a security officer at a campus entrance traffic booth at approximately 12:55 a.m. on 3

November 2017. Some female students reported their concern that a vehicle was following their vehicle onto campus. Officer Sherwood spoke to the women, who identified the vehicle they believed was following them. Officer Sherwood told the women to go to their dorm, make sure they were not followed, and stay there.

The women drove off. Officer Sherwood saw the identified vehicle approach him as it followed the women onto campus property. Officer Sherwood stopped the vehicle to address the women's concerns and to question whether its occupants were students and their reason for being on campus. Officer Sherwood observed two men inside the car: Jerome Houston the driver, and Defendant in the passenger seat.

Officer Sherwood detected the odor of alcohol and saw an open beer can inside the vehicle. The men told Officer Sherwood they were not students at the University and they "just wanted to talk to the girls that were in the car ahead of them." Houston gave Officer Sherwood his consent to search the vehicle. Officer Sherwood asked Houston to step out of the vehicle for a pat down.

Officer Sherwood then approached Defendant's side of the vehicle and asked Defendant to step out of the vehicle. As Defendant stepped out the vehicle, Officer Sherwood noticed a bulge, which weighed down the front pocket of the hoodie Defendant was wearing. Officer Sherwood asked Defendant if he had any weapons on him. Defendant replied he did not.

Officer Sherwood patted Defendant down and asked him what was inside the front pocket. Defendant said he had keys in the front pocket, which he removed upon Officer Sherwood's request. Officer Sherwood noticed the bulge was still present and still weighing down the front pocket. Officer Sherwood patted Defendant down a second time and "noticed a distinct outline of a handgun."

Officer Sherwood took Defendant into custody and removed the handgun from Defendant's pocket. Defendant was indicted for: (1) carrying a concealed weapon; (2) possession of a firearm by a felon; (3) carrying a weapon on educational property; and, (4) attaining the status of habitual felon.

Defendant filed his first motion on 18 April 2018 to suppress all evidence obtained during or subsequent to the stop. He alleged Officer Sherwood had seized Defendant without reasonable suspicion and in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. The trial court held a hearing and denied Defendant's first motion on 5 November 2018.

Defendant filed a second motion on 4 February 2019 to suppress all evidence seized from Defendant resulting from Officer Sherwood's pat downs. He alleged Officer Sherwood did not have a reasonable and articulable suspicion that Defendant was either armed or dangerous when he searched Defendant's person. The trial court held another hearing and denied Defendant's second motion on 6 February 2019.

The jury found Defendant guilty of all charged offenses. Defendant stipulated to and the trial court found Defendant was a prior record level III offender, with three prior weapons offenses. Defendant was sentenced in the presumptive ranges to concurrent, active sentences of 84 to 113 months for carrying a concealed weapon, 96 to 128 months for possession of a firearm by a felon, and 33 to 52 months for possession of a weapon on educational property. Defendant entered his notice of appeal in open court.

## II. Jurisdiction

An appeal as of right lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2019).

## III. Issues

Defendant argues the trial court erred by denying his first motion because Officer Sherwood had no reasonable suspicion to stop the car. Defendant also argues the trial court erred by denying his second motion because Officer Sherwood had no reasonable and articulable suspicion to believe Defendant was armed or dangerous to search his person. In considering the reasonable suspicion, Defendant argues the evidence of the "bulge" should not be considered. Lastly, Defendant argues he received ineffective assistance of counsel.

## IV. Preservation

The State argues Defendant waived his asserted issues concerning the trial court's denial of his motions to suppress by failing to timely object at trial before the jury. We agree.

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C. R. App. P. 10(a)(1).

A motion *in limine* is "not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial." *State v. Golphin*, 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000) (citation omitted), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). Failure to object at trial waives appellate review, when evidence is tendered after counsel sought to exclude the evidence in a pre-trial motion to suppress or a motion *in limine*. *State v. McClary*, 157 N.C. App. 70, 74, 577 S.E.2d 690, 692-93 (2003) (citations omitted). "A motion *in limine* will not preserve for appeal the issue of the admissibility of evidence if the defendant fails to further object to that evidence *at the time it is offered* at trial." *Id.* (emphasis original) (citations and internal quotation marks omitted).

Where the inadmissibility of testimony "is not indicated by the question, but becomes apparent by some feature of the answer . . . . the objection should be made

- 5 -

as soon as the inadmissibility becomes known, and should be in the form of a motion to strike out the answer or the objectionable part of it." *State v. Battle*, 267 N.C. 513, 520, 148 S.E.2d 599, 604 (1966) (citation omitted). Where a defendant does not move to strike an inadmissible answer, his objection is waived. *Id.* (citations omitted); *see also State v. Adcock*, 310 N.C. 1, 19, 310 S.E.2d 587, 598 (1984) ("When the question does not indicate the inadmissibility of the answer, defendant should move to strike as soon as the inadmissibility becomes known. Failure to so move constitutes a waiver." (citation omitted)).

In this case, after Officer Sherwood testified that during the pat down, he felt the "distinct outline of a handgun," the prosecutor asked, "What did you do at that point?" Officer Sherwood testified he took Defendant into custody and removed the handgun from the front pocket of the hoodie. After Officer Sherwood's answer, Defendant's counsel said: "And, Your Honor, if I may just for the record make our objection based on our pretrial rulings and motions." The trial court noted Defendant's objection for the record and overruled it.

The evidence Defendant now challenges, to suppress the handgun Officer Sherwood recovered, was elicited by Officer Sherwood's answer, not the prosecutor's question. Defendant was obligated to move to strike Officer Sherwood's answer after objecting for the record and before the jury to preserve his objection.

> [A] witness may insert in his answer something which was
> beyond the question, but when that occurs the attorney for

> the complaining party should move to strike or to limit the reply, as the interest of his client may require. *Even valid objections may be, and are usually waived in the ordinary case by failure to follow the recognized practice by motion to strike* or by motion to limit if the evidence is not competent[.] This appears to be such a case.

*Battle*, 267 N.C. at 520-21, 148 S.E.2d at 604 (emphasis supplied); *see also State v. Carter*, 210 N.C. App. 156, 165, 707 S.E.2d 700, 707, *disc. review denied*, 365 N.C. 202, 710 S.E.2d 9 (2011).

Defendant failed to object to the State's question before Officer Sherwood testified about the handgun, which he now challenges. Neither did Defendant move to strike Officer Sherwood's testimony after it was given. Defendant failed to adequately preserve this issue for appellate review.

> In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal *when the judicial action questioned is specifically and distinctly contended to amount to plain error.*

N.C. R. App. P. 10(a)(4) (emphasis supplied).

Defendant failed to assert or argue plain error in his brief. Since Defendant's brief did not specifically and distinctly allege the admission of the now-challenged evidence amounted to plain error, he is not entitled to appellate review under Rule 10(a)(4). *See State v. Smith*, __ N.C. App. __, __, 837 S.E.2d 166, 169 (2019) (citation omitted). Defendant's arguments concerning the admission of evidence about the handgun are unpreserved and waived. *See id.*

V. <u>Ineffective Assistance of Counsel</u>

Defendant next asserts ineffective assistance of counsel during the hearing on his second motion to suppress. To show ineffective assistance of counsel, Defendant "must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693 (1984)).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693; *see also Braswell*, 312 N.C. at 562, 324 S.E.2d at 248.

Defendant's counsel consistently argued at the hearing on the second motion to suppress that Officer Sherwood's pat down of Defendant was unconstitutional. He argued: "At the time that Officer Sherwood frisked Mr. Anthony, he had no reasonable and articulable suspicion that Mr. Anthony was either armed or dangerous." After the trial court concluded Officer Sherwood did have the requisite, reasonable suspicion to pat Defendant down, Defendant's counsel said:

> Right. And to be perfectly candid with the Court, I do think that there is case law, both federal and state case law that says that when an officer observes a bulge that that creates

the necessary reasonable and articulable suspicion . . . . I think that the moment that Officer Sherwood sees a bulge . . . that he can do a pat down.

Defendant's counsel went on to assert Officer Sherwood had decided to pat down Defendant before he saw the bulge. On appeal, Defendant argues he may have received ineffective assistance of counsel, if the trial court considered his counsel's candid statement to be a concession, rather than an argument in the alternative.

Defendant cannot show he received ineffective assistance of counsel under the standard of *Braswell* and *Strickland*. His counsel's candid statement was an accurate statement of law. His subsequent argument about the timing of Officer Sherwood's decision to pat Defendant down was not deficient performance. Further, Defendant cannot show he was prejudiced. The trial court did not consider or rely upon his counsel's candid statement as a concession when it ruled upon Defendant's second motion to suppress. Defendant's argument is overruled.

## VI. Conclusion

A motion *in limine* is "not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial." *Golphin*, 352 N.C. at 405, 533 S.E.2d at 198. Defendant objected after the evidence he now challenges on appeal was introduced at trial, and he did not move to strike the evidence. His objection to the admission of this evidence is waived. *See Battle*, 267 N.C. at 520, 148 S.E.2d at 604.

Defendant did not specifically and distinctly allege and argue in his brief that the trial court plainly erred in denying his motions to suppress. Defendant is not entitled to plain error review under N.C. R. App. 10(a)(4). *See Smith*, __ N.C. App. at __, 837 S.E.2d at 169.

Defendant failed to show he received ineffective assistance of counsel where his counsel's performance was not deficient, nor was he prejudiced by his counsel's performance. Defendant received a fair trial, free from prejudicial errors he preserved and argued.

We find no reversible errors to warrant a new trial. *It is so ordered.*

NO ERROR.

Judges BERGER and COLLINS concur.